THE LAW OFFICE OF MANUEL DE LA CERRA
Manuel de la Cerra (SBN 189313)
6885 Catamaran Drive
Carlsbad, CA 92011
Telephone: 760-809-5520
Facsimile: 760-269-3542
E-mail: manny@delacerralaw.com

Attorney for Plaintiff
DYNAMIC RESEARCH, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNAMIC RESEARCH, INC  a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEWETRON, INC., a Corporation<br><br>Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff DYNAMIC RESEARCH, INC for its complaint alleges as follows:

## PARTIES

1.      Plaintiff DYNAMIC RESEARCH, INC ("DRI") is a corporation organized and existing under the laws of the State of California and has a principal place of business at 355 Van Ness Ave., Suite 200 Torrance CA 90501.

2.      Defendant DEWETRON, Inc. is a corporation with a place of business at 23046 Avenida de la Carlota, Ste 600, Laguna Hills, CA 92653.

1

**JURISDICTION AND VENUE**

2        3.      Defendant is subject to personal jurisdiction in the Central District of California

3   (the "District") because Defendant has continuous and systematic contact in this District and has

4   an established sales office located in this district.

5        4.      Defendant maintains a place of business in the District at 23046 Avenida de la

6   Carlota, Ste 600, Laguna Hills, CA 92653 and is subject to personal jurisdiction in the District

7   because Defendant regularly solicits business in the District and derives substantial revenue from

8   sales of goods in the District.

9        5.      Venue for this action is proper in the District pursuant to 28 U.S.C. §§ 1391(d) and

10  1400 because the Defendant resides in this judicial district at 23046 Avenida de la Carlota, Ste

11  600, Laguna Hills, CA 92653.

12       6.      This Court has subject matter jurisdiction pursuant to the patent laws of the United

13  States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14

15

**BACKGROUND FACTS**

16       7.      On May 21, 2013, the United States Patent Office duly issued United States Patent

17  No. 8,447,509 entitled "System and Method For Testing Crash Avoidance Technologies" to

18  Joseph Kelly et al. (herein "the '509 Patent").  A true copy of the '509 Patent is attached hereto

19  as Exhibit A.  The Abstract of the '509 Patent indicates that it relates to a "system and method

20  [that] can be used to replicate the pre-crash motions of the CP in a wide variety of crash scenarios

21  while minimizing physical risk, all while consistently providing a sensor signature substantially

22  identical to that of the item being simulated."

23       8.      The '509 Patent has been assigned to DRI by virtue of an assignment dated

24  December 21, 2011 and recorded with the United States Patent Office at reel/frame 27587/831.

25       9.       On November 12, 2013, the United States Patent Office duly issued United States

26  Patent No. 8,583,358 entitled "Devices, Systems and Methods For Testing Crash Avoidance

27  Technologies" to Joseph Kelly et al. (herein "the '358 Patent").  A true copy of the '358 Patent is

28  attached hereto as Exhibit B.  Claim 1 of the '358 Patent recites in part an "electronically-

1    controlled hydraulic braking system attached with and capable of applying braking force to one
2    or more of the plurality of wheels" of a "Dynamic Motion Element for use in testing crash
3    avoidance technologies."

4           10.    The '358 Patent has been assigned to DRI by virtue of an assignment dated June 25,
5    2012 and recorded with the United States Patent Office at reel/frame 28445/86.

6           11.    On June 10, 2014, the United States patent Office duly issued United States Patent
7    No. 8,751,143 entitled "System and Method For Testing Crash Avoidance Technologies" to
8    Joseph Kelly et al. (herein "the '143 Patent").  A true copy of the '143 Patent is attached hereto
9    as Exhibit C.  Claim 1 of the '143 Patent recites in part an "electronically-controlled braking
10   system attached with and capable of applying braking force to one or more of the plurality of
11   wheels" of a "Dynamic Motion Element for use in testing crash avoidance technologies."

12          12.    The '143 Patent has been assigned to DRI by virtue of an assignment dated
13   December 21, 2011 and recorded with the United States Patent Office, which can be found at
14   reel/frame 27587/831.

15          13.    On November 10, 2015, the United States Patent Office duly issued United States
16   Patent No. 9,182,942 entitled "System and Method For Testing Crash Avoidance Technologies"
17   to Joseph Kelly et al. (herein "the '942 Patent").  A true copy of the '942 Patent is attached hereto
18   as Exhibit D.  Claim 1 of the '942 Patent recites in part an "electronically-controlled braking
19   system attached with and capable of applying braking force to at least one of the rotational
20   structures" of a "Dynamic Motion Element for use in testing crash avoidance technologies."

21          14.    The '942 Patent has been assigned to DRI by virtue of an assignment dated August
22   27, 2015 and recorded with the United States Patent Office at reel/frame 36443/710.

23          15.    Defendant has offered for sale in the United States the "UFO: Ultraflat Overrunable
24   Robot for ADAS Testing" (hereinafter "the UFO Device") and has circulated brochures for the
25   sale of this device.  As a non-limiting example, at the Automotive Testing Expo 2015 in Novi,
26   Michigan on October 20-22, 2015, Defendant occupied a booth with a prominent display offering
27   for sale the UFO Device and gave out a solicitation brochure, a copy of which is attached as
28   Exhibit E hereto.  Not only did Defendant hand out brochures, but it also demonstrated the UFO

Device through a marketing video displayed to tradeshow attendees.   The Defendant's representative at the booth also stated that Defendant sold the UFO Device and offered to email the solicitation materials, including the marketing video.

16.   Defendant also offers for sale the UFO device on its website at http://www.dewetron.com/en/solutions/automotive/advanced-driver-assistance-systems.php, a copy of which is attached as Exhibit F hereto.  That website states "DEWETRON teamed up with other experts in the automotive testing world to provide a complete measurement solution for AEB tests: … DSD Dr. Steffan Datentechnik, manufacturer of UFO (ultraflat overrunable robot) for experimental ADAS testing."  The website also displays a picture of the UFO device.

17.   On information and belief, Defendant has either made, used, sold, offered for sale, or imported into the United States the UFO Device, and continues to do so.

**COUNT 1: INFRINGEMENT OF UNITED STATES PATENT NO. 8,447,509**

18.   DRI hereby realleges and incorporates by this reference the above paragraphs as though fully set forth herein.

19.   By either making, using, selling, offering for sale, or importing into the United States the UFO Device, Defendant has infringed and is continuing to infringe, the '509 Patent by infringing at least claims 1 and 3 of the '509 Patent, either literally, under the doctrine of equivalents, or both, in violation of 35 U.S.C. § 271.  On information and belief, Defendant also infringes other claims of the '509 Patent.

20.   DRI has been damaged by Defendant's infringement and unless Defendant is enjoined Defendant will continue its infringing activity and DRI will suffer irreparable injury.

**COUNT 2: INFRINGEMENT OF UNITED STATES PATENT NO. 8,583,358**

21.    DRI hereby realleges and incorporates by this reference the above paragraphs as though fully set forth herein.

22.   By either making, using, selling, offering for sale, or importing into the United States the UFO Device, Defendant has infringed and is continuing to infringe, the '358 Patent by

infringing at least claims 1 and 17 of the '358 Patent, either literally, under the doctrine of equivalents, or both, in violation of 35 U.S.C. § 271.  On information and belief, Defendant also infringes other claims of the '358 Patent.

23.    DRI has been damaged by Defendant's infringement and, unless Defendant is enjoined Defendant will continue its infringing activity and DRI will suffer irreparable injury.

**COUNT 3: INFRINGEMENT OF UNITED STATES PATENT NO. 8,751,143**

24.    DRI hereby realleges and incorporates by this reference the above paragraphs as though fully set forth herein.

25.    By either making, using, selling, offering for sale, or importing into the United States the UFO Device, Defendant has infringed and is continuing to infringe, the '143 Patent by infringing at least claims 1 and 21 of the '143 Patent, either literally, under the doctrine of equivalents, or both, in violation of 35 U.S.C. § 271.  On information and belief, Defendant also infringes other claims of the '143 Patent.

26.    DRI has been damaged by Defendant's infringement and, unless Defendant is enjoined Defendant will continue its infringing activity and DRI will suffer irreparable injury.

**COUNT 4: INFRINGEMENT OF UNITED STATES PATENT NO. 9,182,942**

27.    DRI hereby realleges and incorporates by this reference the above paragraphs as though fully set forth herein.

28.    By either making, using, selling, offering for sale, or importing into the United States the UFO Device, Defendant has infringed and is continuing to infringe, the '942 Patent by infringing at least claims 1 and 8 of the '942 Patent, either literally, under the doctrine of equivalents, or both, in violation of 35 U.S.C. § 271.  On information and belief, Defendant also infringes other claims of the '942 Patent.

29.    DRI has been damaged by Defendant's infringement and, unless Defendant is enjoined Defendant will continue its infringing activity and DRI will suffer irreparable injury.

30.    WHEREFORE, DRI prays that this Court enter judgment in its favor on each and

1   every claim for relief set forth above and award it relief, including, but not limited to the

2   following:

- a preliminary and permanent injunction restraining and enjoining Defendant, its principals, officers, agents, servants, employees, attorneys, successors and assigns and all those in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, from:

    - continuing acts of infringement of the '509 Patent;
    - continuing acts of infringement of the '358 Patent;
    - continuing acts of infringement of the '143 Patent;
    - continuing acts of infringement of the '942 Patent;

- an Order that all infringing products be accounted for and delivered to Plaintiff or destroyed, as directed by Plaintiff;

- an accounting of all gross sales and profits associated with the sale of infringing products;

- an award of damages under 35 U.S.C. § 284 for Defendant's infringement of the '509 Patent, '358 Patent, '143 Patent and '942 Patent together with pre-judgment and post-judgment interest;

- a trebling of said damages pursuant to 35 U.S.C. § 284;

- an award of attorney's fees pursuant to 35 U.S.C. § 285; and

- any such other relief that this Court deems just and proper.

DATED: February 8, 2016                    Respectfully submitted,

THE LAW OFFICE OF MANUEL DE LA
CERRA

By:_____

Manuel de la Cerra
Attorney for Plaintiff DYNAMIC
RESEARCH, INC.

1

2                         **DEMAND FOR JURY TRIAL**

3        Plaintiff respectfully demands a trial by jury on all issues so triable.

4
     DATED: February 8, 2016                 Respectfully submitted,
5
                                             THE LAW OFFICE OF MANUEL DE LA
6                                            CERRA

7

8
                                             By
9                                                Manuel de la Cerra
                                                 Attorney for Plaintiff DYNAMIC
10                                               RESEARCH, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28